**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALPHONZA FLETCHER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHRI YAMUNA ENTERPRISES, | ) |
| INC.; GSJ COVINGTON, LLC; GOPI | ) |
| COVINGTON, LLC; SANJAY PATEL; | ) |
| GANI MOHAMMED; and RIZWAN | ) |
| MOMIN, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Alphonza Fletcher ("Fletcher") files this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA" or the "Act"), seeking unpaid overtime compensation, liquidated damages, reasonable expenses and attorney's fees, and other authorized relief under the Act, showing the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Fletcher is a citizen of the United States and domiciliary of Georgia and a

resident of Newton County, Georgia, which is within the Northern District of Georgia.

2.

Defendant Shri Yamuna Enterprises, Inc. ("SYE") is a Georgia corporation with its principal place of business in Marietta, Cobb County, Georgia and can be served with legal process on its registered agent, John F. Quattrocchi, at 1640 Powers Ferry Road, Bldg. 19, Suite 200, Marietta, Cobb County, Georgia 30067.

3.

Defendant GSJ Covington, LLC ("GSJ") is a Georgia limited liability company with its principal place of business in Grayson, Gwinnett County, Georgia and can be served with legal process on its registered agent, John F. Quattrocchi, at 1640 Powers Ferry Road, Bldg. 19, Suite 200, Marietta, Cobb County, Georgia 30067.

4.

Defendant Gopi Covington, LLC ("Gopi") is a Georgia limited liability company with its principal place of business in Marietta, Cobb County, Georgia, and can be served with legal process on its registered agent, Rizwan Momin, at 150 Marble Springs Road, Lilburn, Gwinnett County, Georgia, 30047.

5.

Defendant Sanjay Patel ("Patel") is a resident of Georgia and can be served with process at his place of business at 4726 Atlanta Highway 78, Loganville, Walton County, Georgia 30052.

6.

Defendant Gani Mohammed ("Mohammed") is a resident of Gwinnett County, Georgia and can be served with process at 585 Chestnut Walk Place, Grayson, Georgia 30017-7800.

7.

Defendant Rizwan Momin ("Momin") is a resident of Gwinnett County, Georgia and can be served with process at 150 Marble Springs Road, Lilburn, Gwinnett County, Georgia, 30047.

8.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution; FLSA §16(b), 29 U.S.C. §216(b); and 28 U .S .C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

9.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §

1391 because at least one defendant is located in this judicial district and all the events giving rise to the claims herein arose in this judicial district.

## FACTS

10.

Fletcher was employed as a manager, shift leader, driver, and GM for three Marco's Pizza franchises each owned by one of the three entities named as defendants in this action, Shri Yamuna Enterprises, Inc. ("SYE"); GSJ Covington, LLC ("GSJ"); and Gopi Covington, LLC ("Gopi"), from approximately September 17, 2014, until April 30, 2015.

11.

At all times relevant, Fletcher was a non-exempt employee that performed duties that entitled him to overtime compensation under the FLSA.

12.

At all times relevant, SYE, GSJ, and Gopi were covered entities under the FLSA.

13.

Upon information and belief, SYE operates a Marco's Pizza franchise located at 2133 Highway 20, Building B, Suite 260, Conyers, Georgia 30013.

14.

Upon information and belief, GSJ operates a Marco's Pizza franchise located at 13015 Brown Bridge Road, Suite 200, Covington, Georgia 30016.

15.

Upon information and belief, Gopi operates a Marco's Pizza franchise located at 9158 Highway 278, NE, Covington, Georgia 30014.

16.

Gopi and SYE both registered 1640 Powers Ferry Road, Bldg. 19, Suite 200, Marietta, Cobb County, Georgia 30067 as their principal place of business with Georgia's Secretary of State.

17.

Patel is the CEO of SYE and one of the original incorporators.

18.

Mohammed is the CFO of SYE and one of the original incorporators.  He is also the organizer and manager/member of GSJ.

19.

Momin is the Secretary for SYE and the organizer for Gopi.

20.

Upon information and belief, Patel, Mohammed, and Momin regularly

visited all three stores, participated in the management of the three stores, participated in the compensation policies, including the decision to not pay overtime to Fletcher when he worked at more than one location for the enterprise, and employees at all the stores knew they could go to any one of them regarding any issue with any of the three stores.

21.

Fletcher was originally hired to work at the Marco's Pizza franchise operated by GSJ.

22.

Shortly thereafter, Fletcher was told that he would be working at all three stores.

23.

When asked if he would be paid overtime for the extra hours he would be required to work at the other stores, Fletcher was informed that he would not because the stores were "separate."

24.

Upon information and belief, Defendants took no action to investigate whether their decision to not pay Fletcher overtime based on his combined hours of work was permissible.

25.

Fletcher was not given additional training at the other stores.

26.

Although SYE, GSJ, and Gopi were covered entities under the FLSA and joint employers of Fletcher, they failed to combine all of his hours worked at all the stores in a given week and compensate him for hours in excess of forty in any given week.

27.

Instead SYE, GSJ, and Gopi calculated his hours separately and only paid him overtime when he worked over forty hours a week in a given store. All hours in excess of 40 per week were paid at Fletcher's straight time rate.

28.

From September 17, 2014, through April 30, 2015, Mr. Fletcher worked in excess of 450 hours of overtime, for which he was not compensated at the proper overtime rate of one and a half times his regular hourly rate.

## DEFENDANTS' PRACTICE VIOLATES THE FLSA

29.

At all times relevant, Fletcher was an "employee" of SYE, GSJ, Gopi, Patel, Mohammed, and Momin as defined in 29 U.S.C. § 203(e).

30.

At all times relevant, SYE, GSJ, Gopi, Patel, Mohammed, and Momin were "employer[s]" as defined in U.S.C. § 203(d).

31.

At all times relevant, SYE, GSJ, and Gopi were an "enterprise" as defined in 29 U.S.C. § 203(r)(1) because they perform related activities through unified operation or common control for a common business purpose.

32.

At all times relevant, SYE, GSJ, and Gopi were an "enterprise engaged in commerce" as defined in 29 U.S.C. § 203(s) because they have employees engaged in commerce and have an annual combined gross volume of sales not less than $500,000.

33.

At all times relevant, Patel, Mohammed, and Momin were corporate officers with operational control of a corporation's covered enterprise.

34.

At all times relevant, SYE, GSJ, and Gopi were joint employers of Fletcher.

35.

At all times relevant, SYE, GSJ, Gopi, Patel, Mohammed, and Momin failed

to properly compensate Fletcher for all hours he worked in excess of forty hours in a given workweek.

36.

SYE, GSJ, Gopi, Patel, Mohammed, and Momin are jointly and severally liable for all damages incurred by Fletcher.

37.

Patel, Mohammed, and Momin are also individually liable for all damages incurred by Fletcher.

38.

Fletcher is entitled to damages in the form of compensation at a rate of one-half times Plaintiffs' regularly hourly rate for all overtime hours worked for which he was paid at his regular hourly rate.

39.

Fletcher is entitled to liquidated damages in an amount equal to his unpaid wages set forth in the preceding paragraph.

40.

Fletcher is entitled to his reasonable attorneys' fees and costs of bringing this action.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests that this Court grant the following relief:

A.    Award him back pay damages for all overtime hours worked for which he was compensated at less than the required rate of one and one half times his regular hourly rate;

B.    Award him liquidated damages in an amount equal to his unpaid overtime;

C.    Award him pre- and post-judgment interest at the maximum rates allowable by law where applicable;

D.    Award him all costs incurred in bringing this action, including reasonable attorneys' fees; and

E.    Grant such additional relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

_____

Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com
Melissa A. Carpenter
Georgia Bar No. 385004
mcarpenter@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
Tel:   404-873-8000
Fax:   404-873-8050

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A.     Award him back pay damages for all overtime hours worked for which he was compensated at less than the required rate of one and one half times his regular hourly rate;

B.     Award him liquidated damages in an amount equal to his unpaid overtime;

C.     Award him pre- and post-judgment interest at the maximum rates allowable by law where applicable;

D.     Award him all costs incurred in bringing this action, including reasonable attorneys' fees; and

E.     Grant such additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com
Melissa A. Carpenter
Georgia Bar No. 385004
mcarpenter@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
Tel:   404-873-8000
Fax:   404-873-8050